MILLER *v.* FULLIWILEY.

(In Banc.   April 27, 1942.)

[7 So. (2d) 799.   No. 34953.]

**Hoy Hathorn,** of Louisville, for appellant.

**Rodgers & Prisock** and **H. T. Carter,** all of Louisville, for appellee.

848

**Griffith, J.,** delivered the opinion of the court.

The sole question for decision in this case is whether the description of appellee's land on the assessment roll for the year here in question was sufficient to support the sale for the unpaid taxes of that year.

The assessment was made upon the standard printed page blank, lined and ruled, and at the top of the page was printed as follows:

"Name of Owner—Description of Land—Section—Township—Range," and the page carried continued headings for the number of acres for each assessment, the valuation, etc. The continued headings are not material here and further reference to them is omitted. The particular page started with the assessments for Section 21, Township 14, Range 11, and the first item of the assess-

ment for that section which was an item of 120 acres carried out 21-14-11 to and under the appropriate ruled section, township, and range columns. There were six other assessments for that section, but none of the said other six carried out the figures 21-14-11. When Section 21 had been finished, two blank lines were skipped and next occurred an assessment of 140 acres for which the description was extended to include the figures 22-14-11 under the ruled columns for section, township, range. There were five other assessments in this group but none of the five carried out the figures into the section, township, and range columns.

When Section 22 had been finished two blank lines were skipped and the assessments for the next section, that is to say, Section 23,—including the printed top heading,— were as follows:

| "Name of Owner | Description of Land | Section | Township | Range |
| --- | --- | --- | --- | --- |
| Clark, Jno. C. | N½NE¼ & N½SW¼ NE¼ & SE¼NE | 23 | 14 | 11 |
| Massey, I. H. | E½ NW¼ | | | |
| Carter, Mrs. W. F. | 60 A. in W½ SW | | | |
| Ball, Gene | S½ SW NE | | | |
| Fulliwilder, Jim | E½SW & NW¼SE & E½ NW SW | | | |
| Carr, S. T. | SW¼SE & E½ SE | | | |
| Winston, R. E. Co. | W½ NW" | | | |

When the above descriptions are totalled as to quantity, it will be seen that they add up to a full section of 640 acres. When Section 23 had thus been covered, two blank lines were skipped and the descriptions for Section 24 were dealt with in the same manner. And it is shown that the entire assessment roll for all the sections in the county was made up in the same way.

Appellee's lands are those described in the fifth item of the several foregoing assessments for Section 23. It is his contention that inasmuch as the section, township, and range were not expressly set out in the same line with the other descriptions of his land, or in lieu thereof was not indicated as being in Section 23 of that township and range by ditto marks in the section, township, and range columns, the description is incomplete and void.

Section 3148, Code 1930, directs in effect that the assessor in preparing his land roll will proceed numerically with the sections, and that when a section is reached he will make a group of all the different ownerships in that particular section. When an owner whose land lies in a particular section finds that an assessment of land in that section has been made, he should, in view of the statute, reasonably expect to find there and in that group the assessments for every one of the other owners in that section including himself, and when he finds the grouping such as this roll consistently followed, with the section, township, and range expressly stated or written out as a part of the first or opening item of that group, we think he has been thereby furnished a reasonably sufficient identification of his land, and one which should leave him in no real doubt as to what was thereby assessed. Certainty beyond all doubt is not required of descriptions in assessment rolls. A description reasonably certain either within itself or which by the aid of pertinent statutes can be made reasonably certain is all that is required, so far as the description is concerned.

Those who are familiar with land titles and the manner of assessments for taxes will generally agree, as we believe, that many, if not most of the land assessment rolls in this state, have been for years made up in the manner pursued by the roll here in question, and it is of some significance that our bar which has been astute in stripping tax titles has not heretofore deemed the point made in this case to be sufficient upon which to venture a law suit. But it has been presented in a few other states. In Auditor General v. Sparrow, 116 Mich. 574, 74 N. W. 881, the identical point upon an almost identical state of facts was urged, as may be seen from the copy of the roll printed on page 586 of the report of that case in 116 Mich., page 885 of 74 N. W., but the contention of invalidity was rejected and for reasons in which we

concur, and which have been briefly summarized by us in the next preceding paragraph herein. We are of the opinion that the assessment was valid.

Reversed, and decree here for appellant.