RODGERS, Justice:
This litigation involves a suit to confirm a tax title to real property. The original bill was filed by F. P. Curtis, the purchaser at a tax sale, against Florence E. Bleck and Aldona Bleck, landowners, in the Chancery Court of Jackson County, Mississippi. The bill alleges that the complainant, F. P. Curtis, became the purchaser of lands described as:
“NE 14 of NE}4 Section 24, Township 6 South, Range 6 West, Jackson County, Mississippi.”
It alleges that the taxes due and levied on this land were not paid for the year 1960, and that all required notice had been published and given to the landowners; that a tax receipt was made out but never paid, nor delivered; that thereafter the land was levied upon by advertising it according to law, and was in due course sold to the appellants; that after the property owners failed to redeem according to law, complainant went into possession of the property and has been in possession of it since.
The defendants, appellees here, filed their answer denying that the complainant Curtis is the owner of the property described in the original bill and denying that their land was assessed by the tax assessor upon the land assessment rolls of Jackson County, Mississippi; they deny that the assessment roll was approved according to law, and deny that the tax receipt mentioned by the complainant described their property and deny that the property described was sold for taxes.
Defendants then charged affirmatively that the land described in Tax Receipt No. 8224 mentioned in the complainant’s bill for the year 1960 described the property later purchased by the complainant as the Northeast Quarter (NE¡4) of the North Quarter (NJ4); Deed Book 152, page 179, Section 24, Township 6 South, Range 6 West.
Defendants allege that the tax sale record had “been amended and altered to be the NEJ4 of NEJ4, Section 24, Township 6 South, Range 6 West.”
It is further alleged that the lands purchased had been advertised in the newspaper and sold as the Northeast Quarter (NEJ4) of the North Quarter (NJ4), and reference is made to Receipt No. 8224 and Deed Book 152, page 179, Section 24, Township 6 South, Range 6 West.
The testimony introduced in this case shows that the land described in the original bill belonged to the defendants, Aldona and Florence Bleck, but that it had been assessed to them on the assessment roll pertaining to the year 1960 as the “NEJ4 of N]4, DB 152, Pg. 179, 24, 6, 6.” They alleged that *878 the list of land filed by the sheriff with the chancery clerk also described the land sold for taxes to be the same as that of the assessment rolls; however, the typewritten list of property sold had been altered by pen and ink so as to change the description of the property sold to show it to be described as the Northeast Quarter (NE}4) of the Northeast Quarter (NE14).
The Chancellor permitted oral testimony to be introduced to show the meaning of the “DB 152, Pg. 179, 24, 6, 6.” The Chancellor also permitted an examination of Deed Book 152, page 179 to determine, if possible, what land was intended to have been sold. An examination of this deed book reveals, however, that there were two parcels of land described in the deed referred to by the assessment roll. These two parcels of land were described as the Southeast Quarter (SEJ4) of the Southeast Quarter (SE 44) of Section 13, and the Northeast Quarter (NEJ4) of the Northeast Quarter (NE 14); Section 24, all in Township 6 South, Range 6 West.
Two witnesses, one of which was the county tax assessor, testified that they had each examined the tax records of land assessed for taxes, and that all the lands in Section 24, Township 6 South, Range 6 West, Jackson County, Mississippi, were properly assessed for taxes, except the Northeast Quarter (NE14) of the Northeast Quarter (NEJ4), and from this research they reached the conclusion that the assessment described as the Northeast Quarter (NEJ4) of the North Quarter (N}4) was intended to have been described as the Northeast Quarter (NE(4) of the Northeast Quarter (NEJ4).
On the other hand, a land surveyor testified that he could not as a surveyor take the description written in the assessment roll and follow this description in the deed referred to by the assessment roll and from the land description found in the deed locate the land intended to have been assessed, because of the two parcels described in the deed.
We are of the opinion that the Chancellor correctly held that oral testimony was admissible to find, if possible, a sure guide for the ascertainment of the particular land intended to have been assessed. Section 9773, Mississippi Code 1942 Annotated (1952) is clear on this point.
The rule in this state is that where a description of property conveyed by a tax deed is ambiguous, but nevertheless contains a clue or guide by which the proper description of the land intended to have been conveyed may be ascertained with certainty, parol testimony may be admissible to clarify the description of the land sold. Howard v. Wactor, 41 So.2d 259 (Miss. 1949); Jefferson v. Walker, 199 Miss. 705, 24 So.2d 343, 26 So.2d 239 (1946); Miller v. Fulliwiley, 192 Miss. 846, 7 So.2d 799 (1942).
 Although it is true that the tax assessment roll must describe the property sought to be taxed, with particularity, nevertheless, where the assessment roll itself furnishes a clue or sure guide for the ascertainment of the particular land, the description of the land assessed and sold may be made certain by following the clue through the introduction of parol evidence. It is obvious that there is no land description such as Northeast Quarter (NEJ4) of North Quarter (N)4). However, an examination of the deed mentioned in the description of land on the assessment roll as “DB 152, Pg. 179, 24, 6, 6” shows that there is land in the section, township and range set out in the deed and that such land is described as the Northeast Quarter (NE(4) of the Northeast Quarter (NEJ4). There can be no question but that the reference to the deed on the tax assessment roll leads to the proper description of the property intended to have been assessed as the Northeast Quarter (NE}4) of the Northeast Quarter (NE14), Section 24, Township 6 South Range 6 West.
We are of the opinion, and so hold, that the decree of the Chancery Court in the case at bar was manifestly erroneous. The *879 application in the original bill to confirm the tax title of the complainant, F. P. Curtis, should have been sustained under the facts in this case.
The decree of the Chancery Court is hereby reversed, and the tax title of F. P. Curtis to the Northeast Quarter (NE^) of the Northeast Quarter (NE^), Section 24, Township 6 South, Range 6 West, Jackson County, Mississippi is hereby confirmed in F. P. Curtis to accord with the prayer in the original bill filed in this case.
Reversed and rendered.
GILLESPIE, P. J., and JONES, INZER and ROBERTSON, JJ., concur.