**In re VANTEX LAND AND DEVELOP-MENT COMPANY, INC., an Arizona corporation, Debtor.**

**Bankruptcy No. B-78-072-PHX-RGM.**

United States Bankruptcy Court, D. Arizona.

March 11, 1985.

Russell Piccoli, Phoenix, Ariz., for Kern County Equipment Company.

Susan G. Boswell, Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P.C., Tucson, Ariz., for debtor and special counsel for trustee.

Howard C. Meyers, Davis & Meyers, P.C., Phoenix, Ariz., for trustee.

## MEMORANDUM OF DECISION AND ORDER

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

Another Bankruptcy Court[1] has transferred one limited issue from a pending

case to me for resolution: Whether or not counsel is entitled to interim compensation and, if so, what amount can be paid at this time. 11 U.S.C. § 330(a); Rule 2016(a), *F.Bk.R.*

At the time of filing, debtor was in danger of losing its realty through foreclosure proceedings instituted by first lienholder Connecticut Mutual Life Insurance Company. Counsel was successful in objecting to this claim, working out a settlement whereby this secured claim was reduced and obtaining time to sell the Arizona realty. The property was sold free and clear of liens with liens to attach to proceeds. The purchase price approximates $9,060,000.00 with $3,940,000.00 received in cash, the balance payable over 10 years. Annual payments of at least $530,396.24 are to be made until final payoff.

Nearly all the initial cash payment received went to pay off the first lienholder. Thereafter, debtor had approximately $549,000 remaining. Of that sum, over $270,000 has already been paid for other noticed administrative expenses, including brokers' commissions and accountants' fees without objection. It is doubtful there are funds available to pay attorney fees requested at this time without invading the rights of alleged secured creditor Kern County Equipment Company (hereafter "Kern County"). Kern County claims to be secured on sale proceeds by virtue of its junior position .in certain of the realty.

The instant request seeks interim payment of $250,000 based on time records calculating accrued fees of $530,531 plus costs of $5,440.31.

The only objection was filed by Kern County. That entity objects to counsel being paid ahead of its secured claim, urging its services performed by counsel were of no special benefit to it individually.[2] Although this case was filed under the Bankruptcy Act of 1898, the objection essential-

---

1. The Honorable Robert G. Mooreman, Chief United States Bankruptcy Judge for Arizona. That Court has apparently appointed counsel as debtor's attorney and also special counsel for the Trustee, hereafter "Trustee."

2. Pending before the other Court is the debtor's challenge to Kern County's claim.

ly raises issues relevant to 11 U.S.C. § 506(c) of the Code. Since § 506(c) codifies existing law under the Act, cases interpreting that section are instructive. House Rep. No. 95–595, 95th Cong., 1st Sess. at 357 (1977); Senate Rep. No. 95–989, 95th Cong., 2d Sess. at 68 (1978), U.S.Code Cong. & Admin.News 1978, 5787; *In re Korupp Associates*, 30 B.R. 659, 662 (Bankr.D.Me.1983).

At a prior hearing, I informed counsel of my preliminary views by reference to *In re Proto-Specialties*, 43 B.R. 81, 83–84 (Bankr.D.Ariz.1984) (compensation from collateral proceeds will only be allowed for services which specifically benefit the secured creditor).

Kern County has now moved for summary judgment, citing *Proto-Specialties, supra; Matter of Trim-X, Inc.*, 695 F.2d 296, 301 (7th Cir.1982) and *In re Codesco*, 18 B.R. 225, 228–30 (Bankr.S.D.N.Y.1983).

Movant also places emphasis upon *In re Sonoma V*, 24 B.R. 600, 603 (9th Cir.B.A.P. 1982).

■ The Trustee's answers to interrogatories essentially reflect his actions in contesting the Connecticut Mutual claim were done to enable debtor to reorganize, but also benefited Kern County since that junior creditor would have otherwise been foreclosed by the senior lienholder.

The Trustee's cited cases do not support his position this is sufficient benefit to establish a § 506(c) award. In each case, administrative expenses were held not payable out of the secured creditor's collateral: *First Western Savings & Loan Association v. Anderson*, 252 F.2d 544, 550 (9th Cir.1958) (reversed and remanded to determine whether services were rendered for the direct preservation and benefit of the collateral); *In re Korupp Associates, supra*, 30 B.R., at 661–64 (debtor's costs in recovering property and unsuccessful attempts to sell does not benefit secured party as without such attempt debtor had

nothing to reorganize); *Dozoryst v. First Financial Savings & Loan Association*, 21 B.R. 392, 394–95 (N.D.Ill.1982) (affirming Bankruptcy Court's refusal to allow trustee's recovery of fees and costs from secured creditor); *Brookfield PCA v. Borron*, 36 B.R. 445, 448–49 (E.D.Mo.1983) (affirming Bankruptcy Court decision that debtor's expenses of feeding livestock cannot be considered a direct benefit to a secured creditor).

Likewise, the Trustee's reliance on the Second Circuit case of *In re Flagstaff Food Services*, 739 F.2d 73 (1984), is misplaced. That decision reflects any fees chargeable to a secured creditor must be for that party's direct benefit and creditor's consent to such charges are not to be lightly inferred. 739 F.2d, at 76–77.

The Trustee argues Kern County would have received nothing except for the Trustee's efforts. Assuming that is true, this still ignores the primary benefits test. *In re Korupp Associates, supra*, 30 B.R., at 662–64. As reflected in *In re Flagstaff Food Services Corp., supra*, 739 F.2d, at 75: "Such benefits as might be said to have accured to [secured creditor] from the attempt to reorganize were incidental to the reorganization efforts and did not fall within the intended scope of section 506(c)." *Id.*, at 76. Accordingly, I will grant summary judgment for Kern County on the "special benefit" issue.

The Trustee has filed a motion for summary judgment contesting adequacy of the description of the property in the trust deed securing Kern County's claim. Trustee's theory is that if Kern County is unsecured, they have no standing to object to the disbursement itself since they have not contested reasonableness of the fees requested.[3] Kern County has filed a cross-motion for summary judgment on the same issue.

The dispute centers on the following trust deed property description:

**3.** No objections have been received concerning the propriety or reasonableness of the fee itself; I will approve the amount of the fees requested

as appropriate compensation for the services rendered. *Southwestern Media v. Rau*, 708 F.2d 419, 427–28 (9th Cir.1983).

All of that with deciduous stone fruit trees on property consisting of approximately 588 acres, lying to the south of the center line on Hunt Highway, Sections 11, 12, 13 T3S R7E of the Gila and Salt River Base and Meridian.

Debtor owns approximately 664 acres in the aforementioned sections covered by the deciduous stone fruit trees or their fallen remains. This area is surrounded by raw desert and an observer on the premises could ascertain the 664 acres belonging to debtor by visual inspection, although one could not determine a specific 558 parcel within this tract.

Debtor allegedly intended to give Kern County a security interest in only those areas on which the secured creditor had installed a drip irrigation system. These areas excluded portions of the 664 acres afflicted with Texas root rot. There is a dispute whether an irrigation system was installed on portions of the land infected with the root rot disease.

The Trustee first argues the legal description is defective as a matter of law for violation of A.R.S. § 33–802(A):

In deeds of trust the legal description of trust property shall be given by one of the following methods:

1. By the use of lot, block, tract or parcel as set forth within a recorded subdivision plat.

2. By the use of a metes and bounds or course and distance survey.

3. By the use of the governmental rectangular survey system with specific identification of the location within any section or sections, tract or tracts, of a township and range.

4. By the use of the name of an unpatented mining claim together with the recording data of the location notice thereof recorded in the county recorder's office in which the claim is located.

5. By the use of the name of a patented mining claim together with the mineral survey number and the recording data of the patent to such mining claim.

Secured creditor argues the description fully complies with A.R.S. § 33–802(A)(3). The Trustee replies the specific identification required may only be by means of metes and bounds or course and distance survey. *See* A.R.S. § 33–802(A)(2). No authority is cited for this position, which essentially engrafts subsection (A)(2) onto subsection (A)(3).

Pointing to the lack of a similar provision in A.R.S. §§ 33–702, *et seq.*, dealing with Arizona mortgages, the Trustee argues our legislature must have intended to alter the common law in regard to trust deed realty descriptions. Again, no evidence of such legislative intent is cited.

■ Common law, which allows descriptions of realty by reference to natural objects cuts against the Trustee's argument. *Quality Plastics v. Moore*, 131 Ariz. 238, 240, 640 P.2d 169, 171 (1981). It makes little sense to interpret A.R.S. § 33–802 in the way Trustee suggests so long as mortgages could continue to describe property by reference to natural objects. Where the legislature has not clearly manifested its intent to repeal the common law, it will not be abrogated. *United Bank v. Mesa N.O. Nelson Co.*, 121 Ariz. 438, 442, 590 P.2d 1384, 1388 (1979); *Jones v. Manhart*, 120 Ariz. 338, 340, 585 P.2d 1250, 1252 (App.1978). Statutes should be construed consistently with the common law. *United Bank, supra*, 121 Ariz., at 442, 590 P.2d at 1388; *Farnsworth v. Hubbard*, 78 Ariz. 160, 277 P.2d 252 (1954).

■ Trustee's final argument is that the trust deed description would not provide a person searching land records with a sufficient means to identify the secured property. Thus, no one searching the records would have knowledge of the alleged agreement between Kern County and debtor to the effect the security interest is to extend only to the acreage covered by the drip irrigation system or the precise location of the 588 acre enumbered parcel. In order to be valid, the instrument must be sufficient to apprise third parties of the nature and substance of the rights claimed.

*Carley v. Lee,* 58 Ariz. 268, 272, 119 P.2d 236, 238 (1941).

Where a conveyance contains a definite description by subdivision, metes and bounds, or both, the addition of the statement of the number of acres, more or less, is merely cumulative and in construing the deed as written, the particular description controls. *Jordan v. Tinnen,* 342 So.2d 748, 765 (Ala.1977); *see Quality Plastics, supra,* 131 Ariz., at 240, 640 P.2d at 171 (disregarding reference to "105 feet").

Kern County argues the trust deed conveys a security interest in the 664 acres as a whole and is accordingly readily identifiable. If the 558 acre reference in the description is not discarded, an Arizona court could find the deed is too indefinite, as there is no way to determine precisely which 588 acre parcel within the 664 acre tract are encumbered, at least without a visual inspection.

However, debtor owns the entire identifiable 664 acre tract. This is not a case where reference to the acreage would have the effect of granting a security interest in property debtor does not own. Third parties can readily identify the large tract from the deed, "with deciduous stone fruit trees," but are put on notice to inquire further due to the potentially confusing reference to the 588 acre parcel.

I believe the description is sufficient to establish Kern County's standing as a secured creditor to challenge counsel's fee request. It is not necessary to express an opinion whether this legal description accurately reflects the parties' intent or if reformation of the instrument would not lie upon request to a court of competent jurisdiction. The secured creditor's cross-motion for summary judgment is accordingly granted and the Trustee's motion for summary judgment is denied.

Finally, assuming the validity of the Kern County trust deed, Trustee argues the lien must be apportioned as to total sale proceeds. The general rule is that a lien on less than all of severla parcels sold under court order in one lot may be transferred to gross proceeds only to the extent the particular property conveyed by the lien contributed to the whole fund. *In re Wesley Corp.,* 18 F.Supp. 347, 350 (E.D.Ky.1937).

Kern County contends a stipulation filed January 20, 1984 transferred its lien right to the entire proceeds. Docket Item 12. Shortly thereafter, Chief Judge Mooreman signed an order authorizing sale of 4,180 acres of land, including the parcel upon which this creditor is secured. Order of January 26, 1984, Docket Item 14. That order specifically dealt with the parties' earlier stipulation. Docket Item 14, at 4, ¶ 7. The Trustee argues assuming *arguendo* the stipulation should be interpreted as the creditor urges, it is not binding here as it constitutes a stipulation of a question of law. *In re Mulcahy,* 3 B.R. 454, 456 (Bankr.S.D.Ind.1980), citing *Swift & Co. v. Hocking Valley Railway,* 243 U.S. 281, 37 S.Ct. 287, 61 L.Ed. 722 (1917). Additionally, the Trustee urges that any such order would be subject to reconsideration.

Essentially, the parties are requesting interpretation of an order entered by another Court. It is improper for me to do so. Further, only the fee objection was referred to me by that Court; this dispute involves a collateral issue arising after referral. Accordingly, I will abstain from deciding the Trustee's motion for summary judgment in regard to apportionment.

In summary, I will approve the amount of the administrative claim requested by counsel in the sum of $530, 531.00 plus expenses of $5,440.31. I cannot authorize payment at this time. It is hoped the litigants can stipulate to impoundment of a sum certain pending resolution of the debtor's pending objection to the Kern County claim. By such method, the way might be cleared for counsel's receipt of a portion of its well-earned fees. This matter is deemed returned to the Chief Bankruptcy Judge.

ORDERED ACCORDINGLY.