IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

ESTATE OF MAGDELENA RIOS DE DOMINGUEZ, *Plaintiff/Appellant*,

*v.*

RENEE KAY DOMINGUEZ, *Defendant/Appellee*.

No. 1 CA-CV 23-0363
FILED 03-28-2024

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2020-011404
CV2020-013833
CV2022-001764
(Consolidated)
The Honorable Randall H. Warner, Judge

**AFFIRMED**

———————————————

COUNSEL

Combs Law Group PC, Phoenix
By Christopher A. Combs, Haille Saal-Khalili
*Counsel for Plaintiff/Appellant*

Tiffany & Bosco PA, Phoenix
By Lance R. Broberg, Timothy C. Bode, Kyle J. Kopinski, Nicholas Beatty
*Counsel for Defendant/Appellee*

_____

**OPINION**

Vice Chief Judge Randall M. Howe delivered the opinion of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

_____

**H O W E**, Judge:

¶1 The Estate of Magdalena Rios De Dominguez appeals the trial court's grant of summary judgment to Renee Kay Dominguez[1] on the parties' competing quiet title and false documents claims. The Estate argues that its quiet title claim was not time-barred because A.R.S. § 12–524's five-year limitation period does not apply to suits against a person who forges a deed to property. The Estate also argues that even if the quiet title claim was time-barred and the property belonged to Renee, it could still pursue the false documents claim against Renee for recording the forged deed. *See* A.R.S. § 33–420(A).

¶2 We reject the Estate's first argument because a forgery allegation does not excuse a quiet title claim from A.R.S. § 12–524's five-year limitation period. We also reject its second argument because the false document claim was time-barred under the applicable statute of limitation. Because we reject these arguments and the other arguments discussed below, we affirm the trial court's orders.

**FACTS AND PROCEDURAL HISTORY**

¶3 This appeal arises out of a real property dispute. In 1995, Magdalena and her husband, Isidro Dominguez, obtained title as joint tenants with right of survivorship to a vacant lot in Maricopa County, Arizona ("Property"). A few years later, their son Jose married Renee. In April 2002, a notarized warranty deed conveying the Property to "Jose Luis Dominguez and Rene Kay Dominguez" as "husband and wife" was executed and recorded in November 2003. Over the following years, all the assessed taxes on the Property were paid. Isidro died in 2012. Jose went missing in January 2020, and his remains were found a few months later. According to Magdalena's signed declaration, shortly after Jose went

_____

[1] Because the parties share the same last name, we respectfully refer to them by their first names to avoid confusion.

missing, she started reviewing his belongings and discovered the deed, which she alleged was forged.

¶4           In September 2020, 17 years after the deed was recorded, Magdalena filed a complaint against Renee seeking to quiet title to the Property in her favor and claiming under A.R.S. § 33–420 that Renee had recorded a forged deed to the Property. To support her claim, Magdalena provided a forensic document examiner's report concluding the signatures on the deed were likely forged. Shortly thereafter, Magdalena recorded a lis pendens—a document noting the pendency of an action affecting a property's title—against the Property.

¶5           In response, Renee demanded that Magdalena quitclaim any interest in the Property to her. When Magdalena refused, Renee filed a separate complaint against Magdalena seeking to quiet the Property's title in her favor and alleging false documents because Magdalena had clouded the Property's title by filing the lis pendens and refusing to remove it. The trial court consolidated the cases.

¶6           Renee moved for summary judgment on the competing quiet title claims. She argued that Magdalena's claim was barred by A.R.S. § 12–524, which established a five-year limitation on actions to recover ownership of a lot in a city or town. In response, Magdalena did not dispute that the lot was in a town or city, nor that Renee had claimed ownership. Instead, she argued that Renee did not have a "recorded deed" as the statute requires because the forged deed was void from the beginning. She also argued that although Renee has provided statements to show that the taxes on the Property were paid, she had not shown that she had paid the taxes herself.

¶7           After oral argument, the court granted Renee summary judgment on both competing quiet title claims ("First Order"). The court found that the parties did not dispute that the Property was within a town or city or that Renee had claimed ownership of it. It also found that no material question of fact existed that Renee had paid the taxes on the Property for at least the past five years before the suit was filed and noted that Magdalena offered no evidence controverting that fact. Finally, it found that Renee had a "recorded deed" to the Property, even though the evidence supported an inference of forgery. The deed was valid on its face because it properly described the Property, and the signatures of the grantors were notarized. The court held that an allegation of forgery did not suspend A.R.S. § 12–524's five-year statute of limitations because it did not expressly have a "forgery exclusion."

¶8 Magdalena moved for reconsideration but died soon after, and the Estate assumed her role in the litigation as the real party in interest. The court denied the motion to reconsider. Renee asked the Estate to remove the lis pendens, but it refused to do so, claiming that it could still pursue its false documents claim. Renee again moved for summary judgment on the parties' competing false documents claims, arguing that the Estate lacked standing to bring such a claim because it was not the current owner of the Property. The Estate responded and cross-moved for partial summary judgment on its claim, arguing that it could still pursue that claim because Magdalena had been the owner of the Property when the forged deed was recorded.

¶9 The court granted Renee summary judgment on both parties' claims ("Second Order"). It found that the First Order quieting title in Renee barred the Estate's false documents claim. It found that because Magdalena was not an owner "when she filed suit," she lacked standing to bring a claim under that statute, and the Estate had no good-faith basis to maintain the lis pendens against the Property. The court entered a judgment quieting title in Renee's favor and granting her attorneys' fees under A.R.S. § 12–1103(B). The Estate timely appealed. This court has jurisdiction under A.R.S. § 12–2101(A)(1).

**DISCUSSION**

¶10 The Estate argues that the trial court erred in granting Renee summary judgment on the competing quiet title and false documents claims.[2] This court "reviews a grant of summary judgment de novo, viewing the evidence in the light most favorable to the party against whom summary judgment was entered." *Dabush v. Seacret Direct LLC*, 250 Ariz. 264, 267 ¶ 10 (2021). Summary judgment is appropriate when the moving party shows that no genuine dispute as to any material fact exists and that it is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a).

---

[2] Although in the trial court, the dispute also involved other properties, the Estate's opening brief limits its arguments to the Property alone. The Estate has thus waived any arguments not related to the Property and this court's review on appeal is limited only to the rulings about the Property. *See* Ariz. R. Civ. App. P. 13(a)(7)(A); *see also Zubia v. Shapiro*, 243 Ariz. 412, 416 ¶ 25 n.1 (2018).

## I.     The First Order

¶11        The Estate argues that the trial court erred in granting summary judgment to Renee on the competing quiet title claims because A.R.S. § 12–524 did not apply. Section 12–524 provides that "[a]n action to recover a lot located in a city or town from a person having a recorded deed therefor, who claims ownership and has paid the taxes thereon, shall be brought within five years after the cause of action accrues, and not afterward." Although the Estate does not dispute that Renee has claimed ownership of the Property, it does dispute the other statutory elements. An analysis of the facts of this case shows, however, that the statute of limitations applies to the Estate's claim.

### A.     A Lot in a City or Town Element

¶12        The Estate argues—for the first time on appeal—§ 12-524 does not apply because the Property is not in a city or town. The Estate concedes that Magdalena did not dispute in the trial court that the Property is in a city or a town and did not raise this issue in post-ruling filings. But the Estate cannot dispute material facts in this court that it did not dispute in the trial court. *Daggett v. Jackie Fine Arts, Inc.*, 152 Ariz. 559, 564 (App. 1986). As the party opposing the motion for summary judgment, Magdalena—and the Estate as her successor-in-interest—had "the burden of showing the trial court that an issue of fact exist[ed] and [] offer[ing] specific facts in opposition to the motion for summary judgment." *Id.* (citations omitted). She did not meet this burden.

¶13        Moreover, Magdalena's concession was a judicial admission. A judicial admission is

> [a]n express waiver made in court or preparatory to trial by the party or his attorney conceding for the purposes of the trial the truth of some alleged *fact*, has the effect of a confessory pleading, in that the *fact* is thereafter to be taken for granted; so that the one party need offer no evidence to prove it and the other is not allowed to disprove it. . . . It is, in truth, a substitute for evidence, in that it does away with the need for evidence.

*State v. Allen*, 253 Ariz. 306, 356 ¶ 181 (2022) (internal quotation and citations omitted). Section 12–524's requirement that the lot in question be in a city or town is therefore established and the Estate cannot disprove it.

¶14 The Estate asked this court at oral argument to overlook its admission and take judicial notice that the Property is not a lot in a city or town because a county government website indicates that the Property appears to be located within an unincorporated area of Maricopa County. Renee responded that because of the Estate's concession below, it conducted no investigation and presented no evidence whether the Property is a lot in a city or town and disputes the conclusiveness of the website's information. Because reviving this issue on appeal after the Estate affirmatively eschewed litigating it would be unfair to Renee, we decline to excuse the Estate's waiver. We thus find no factual issue that was preserved on appeal that would have precluded the trial court from granting summary judgment. *Contempo Const. Co. v. Mountain States Tel. & Tel. Co.*, 153 Ariz. 279, 282 (App. 1987) ("On appeal from a summary judgment, parties are not allowed to advance new theories or raise new issues in order to secure a reversal.").

### B. The Recorded Deed Element

¶15 The Estate next argues that § 12–524's five-year statute of limitation does not apply to forged deeds because a forged deed does not satisfy that statute's "recorded deed" requirement. This argument fails because although the deed here may have been forged, it still qualifies as a "recorded deed" under the statute.

¶16 "The recorded deed requirement in [§] 12–524 is in the nature of a color of title requirement." *Quality Plastics, Inc. v. Moore*, 131 Ariz. 238, 241–42 (1981). A deed meets the requirement if the deed is "not void upon its face . . . not that it is a conveyance, but that it purports to operate as a conveyance." *Id.* at 242 (quoting *Sparks v. Douglas*, 19 Ariz. 123, 127 (1917) (internal quotation marks omitted)). The Arizona Supreme Court has applied § 12–524's five-year statute of limitation to void deeds. In *Nicholas v. Giles*, the trial court found a deed void for failure to comply with a statutory due diligence requirement. 102 Ariz. 130, 131 (1967). The Court upheld the judgment by applying § 12–524's five-year limitation period, although the parties had never raised the statute's applicability. *Id.* at 133. In analyzing § 12–524's "recorded deed" requirement, the Court stated that the deed, "though void, was sufficient to operate as a recorded deed." *Id.*

¶17 Applying *Nicholas*, § 12–524 governs here even though the Property deed was allegedly forged and thus void. *See id.* Regardless of any signature forgeries, the Property deed was sufficient to satisfy § 12–524's "recorded deed" requirement. *Id.*; *see also Quality Plastics, Inc.*, 131 Ariz. at 241–42 (finding that a deed that inadequately described the property

satisfied the recorded deed requirement). As the trial court noted, the deed properly described the Property, and the signatures of the grantors were notarized. The Property's deed was thus valid on its face. And, contrary to the Estate's argument, a forged deed may—and in this case did—purport to operate as a conveyance. *Quality Plastics, Inc.*, 131 Ariz. at 241–42. The trial court properly interpreted and applied § 12–524.

¶18 The Estate cites several cases from other jurisdictions holding that a challenge to a forged deed is not subject to a statute of limitations defense. But those cases are not binding. *See Kotterman v. Killian*, 193 Ariz. 273, 291 ¶ 68 (1999) ("We alone must decide how persuasive the legal opinions of other jurisdictions will be to our holdings."). The Arizona legislature did not proscribe the benefits of § 12–524 to those who hold title through an alleged forged deed, as it did in the very next section of the same statute. *Compare* A.R.S. § 12–524 *with* A.R.S. § 12–525 (providing a five-year limitation period for claims to recover real property from a person in peaceable and adverse possession but expressly prohibiting the benefits of the provision to those who claim title through a forged deed). Because § 12–524 does not expressly exclude its application to an alleged forged deed, the statute defeats the Estate's challenge as untimely. *See World Egg Bank, Inc. v. Nesco Investments, LLC*, 251 Ariz. 377, 381 ¶ 12 (App. 2021) ("The best and most reliable index of a statute's meaning is its language, and where the language is plain and unambiguous, courts generally must follow the text as written." (quoting *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 529 (1994) (internal quotation marks omitted))). The legislature, exercising its power, has allowed for validation of an otherwise-invalid deed by operation of § 12–524 and we cannot inject an exemption into a statute that is not provided for by its language. Moreover, injection of an exemption into the statute would adversely affect the public policy favoring finality of title to real property, which serves to protect bona fide purchasers and avoid needless litigation. *Shirley v. Shirley*, 525 S.E.2d 274, 277 (Va. 2000); *Matter of Estate of Violi*, 482 N.E.2d 29, 32 (N.Y. 1985).

### C. The Taxes Element

¶19 The Estate also argues that although Renee did the physical act of paying the taxes on the Property, she did so with Magdalena's funds. As a result, Renee did not satisfy § 12–524's payment of taxes requirement. However, Renee provided tax bills and her signed declaration to show that she paid the taxes on the property. Magdalena provided no evidence beyond her own signed declaration that Renee had paid the property taxes with Magdalena's funds. Self-serving assertions without factual support in the record will not defeat a motion for summary judgment. *Florez v.*

*Sargeant*, 185 Ariz. 521, 526 (1996) (citation omitted). Magdalena failed to create a genuine issue of material fact that Renee paid the taxes on the Property. The trial court thus did not err.

### D.    Equitable Tolling

¶20        Finally, the Estate also argues that the trial court erred in not applying equitable tolling to her quiet title claim. But the Estate did not raise this argument in the trial court when arguing that her quiet title claim was not barred. As a result, it has waived that argument, and we need not address it. *See McCleary v. Tripodi*, 243 Ariz. 197, 202 ¶ 24, n.4 (App. 2017) (holding that failure to raise an argument before the trial court constituted waiver). The trial court properly awarded the Property to Renee.

## II.    The Second Order

¶21        The Estate further argues that the trial court erred in ruling that the Estate could not pursue its false documents claim. It contends that it could pursue such a claim, even if the court correctly ruled that Renee was the owner of the Property.

¶22        A person may be liable under A.R.S. § 33–420(A) for filing in the county recorder's office a groundless or forged document purporting to claim an interest in real property. Only the "owner or beneficial title holder" can bring such a claim. A.R.S. § 33–420(A). The claimant must have been the owner when the alleged forged document was filed in the county recorder's office. *See Richey v. W. Pac. Dev. Corp.*, 140 Ariz. 597, 601 (App. 1984) (holding that the operative time of the statute is when the document was filed in the county recorder's office); *see also Sitton v. Deutsche Bank Nat'l. Tr. Co.*, 233 Ariz. 215, 219 ¶ 16 (App. 2013). Here, the trial court held that Magdalena was not the owner of the Property "when she filed suit." The operative time is not when the suit was filed, however, but when the documents were recorded. *See Richey*, 140 Ariz. at 601; *see also Sitton*, 233 Ariz. at 219 ¶ 16. The court thus erred because it focused on the wrong time to determine the ownership of the Property.

¶23        But summary judgment will be affirmed nevertheless if "correct for any reason supported by the record, even if not explicitly considered by the [trial] court." *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329 ¶ 14 (App. 2014). Claims brought under § 33–420(A) are subject to the four-year limitations period prescribed in § 12–550. *See Sitton*, 233 Ariz. at 219 ¶ 19. Here, the alleged forged deed was recorded in 2003. Magdalena sued Renee in 2020. As a result, because Magdalena brought the suit more than a decade after the four-year limitations period

had run, her § 33–420(A) claim is time-barred, and the trial court correctly granted Renee summary judgment.

¶24 The Estate contends that the § 33–420(A) claim is not time-barred because the equitable tolling doctrine and the discovery rule apply, and thus the statute of limitation did not start running until 2020 when Magdalena discovered the fraudulent conveyance. It argues that Renee had a fiduciary relationship with Magdalena because Magdalena did not speak English and she trusted Renee with her financial affairs. But the Estate failed to raise these arguments in the trial court in response to Renee's second motion for summary judgment. As a result, the Estate has waived them. *See McCleary*, 243 Ariz. at 202 ¶ 24 n.4.

### III. Attorneys' Fees

¶25 The Estate argues that the trial court erred in granting Renee attorneys' fees because Renee's quiet claim title claim failed as a matter of law. We review an award of attorneys' fees for an abuse of discretion. *ABC Supply, Inc. v. Edwards*, 191 Ariz. 48, 52 (App. 1996). The court did not err. As explained *supra* ¶¶ 11–20, Renee prevailed in her quiet title claim and was entitled to her attorneys' fees under A.R.S. § 12–1103(B). We thus do not disturb the trial court's award of attorneys' fees to Renee.

### CONCLUSION

¶26 We affirm. We deny the Estate's request for attorneys' fees and costs under A.R.S. §§ 12–1103, –341, and 33–420(A) because it did not prevail in the action. We also deny Renee's requests attorneys' fees under A.R.S. §§ 12–341 and 12–341.01 because this appeal did not arise out of a contract and the exclusive basis for attorneys' fees in a quiet title action lies in A.R.S. § 12–1103(B). *Lewis v. Pleasant County, Ltd.*, 173 Ariz. 186, 195 (App. 1992). As the prevailing party, however, Renee is entitled to her costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

