681 P.2d 1008

**Freida M. STOUT, Plaintiff, Counterdefendant, Respondent,**

v.

**Harold WESTOVER, Defendant, Appellant,**

and

**Westoe, Inc., an Idaho corporation, Defendant, Cross-claimant, Counterclaimant, Appellant,**

and

**Jim Stout, Defendant, Cross-defendant, Respondent.**

No. 14815.

Supreme Court of Idaho.

May 18, 1984.

Gordon S. Nielson, Boise, for defendant, counterclaimant and appellant.

Thomas G. Maile, IV, Boise, for plaintiff, counterdefendant and respondent.

PER CURIAM.

It is alleged as error on appeal that the district court found the evidence sufficient to sustain plaintiff Freda Stout's claim for adverse possession. The district court apparently based its ruling in part on I.C.

§ 5–207, "Possession under written claim of title." Appellants Westover and Westoe, Inc. contend that the evidence does not support adverse possession under § 5–207 because the warranty deed upon which Freda Stout bases her written claim of title does not include a description of all of the property claimed by Mrs. Stout and included in the judgment by the court. Although the warranty deed to Mrs. Stout purports to convey 14.24 acres, the property description actually includes about an acre-and-a-half less. The question thus presented is whether it was error for the district court to rule that Mrs. Stout had established adverse possession under I.C. § 5–207 as to property which was not included in the written instrument upon which the claim of title was founded.

While it is true that the district court quoted both I.C. § 5–207 and § 5–208, the section defining "possession under written claim of title", the court also made specific findings of fact regarding Mrs. Stout's payment of taxes on the full 14.24 acres. Payment of taxes is not a requirement under either I.C. § 5–207 or § 5–208. Rather, it is a necessary element for a finding of adverse possession under oral claim of title, pursuant to I.C. § 5–209 and § 5–210. Indeed, the court's findings of fact would sustain a determination of adverse possession under oral claim of title. Included in such findings were the facts that: Mrs. Stout entered into possession of the property in dispute; she bought cows and has grazed them over all of the claimed property; she has been in continued occupation and possession of the disputed property; she has paid all taxes levied and assessed upon the property (14.24 acres); no one else has paid taxes on that property; she has treated the property as her own and has resisted encroachments by others. The court found that all of these elements were established for a period of well over five years prior to 1977, the time of filing of the complaint.

Appellants urge this Court's attention to evidence in conflict with the findings just discussed. We recognize that there was a great deal of testimony presented at trial, some of it seeming to conflict with Mrs. Stout's evidence of possession of the property. But our task is not to retry this case. Where, as here, the findings of the fact-finder are supported by substantial, competent, though conflicting, evidence, they will not be set aside on appeal. *Glenn v. Gotzinger*, 106 Idaho 109, 675 P.2d 824 (1984); *Cougar Bay Co. v. Bristol*, 100 Idaho 380, 597 P.2d 1070 (1979); *Skelton v. Spencer*, 98 Idaho 417, 565 P.2d 1374 (1977); I.R.C.P. 52(a). Accordingly, we hold that, based on the specific findings of fact of the district court, it was not error for the court to conclude that Freda Stout established a claim of adverse possession as to all of the property in question.

Appellants also allege error by the district court for failing to grant a new trial on the basis of newly-discovered evidence. I.R.C.P. 59(a)(4). However, the trial court's determination not to grant a new trial will not be overturned absent manifest abuse of discretion. *Luther v. Howland*, 101 Idaho 373, 613 P.2d 666 (1980). There has been no such showing in this case.

A final assignment of error is made with respect to the amount of damages found by the district court for the appellants' trespassory removal of the fence along the property boundary. That determination is supported by substantial and competent evidence, and we decline to set it aside. The judgment of the district court is affirmed.

Costs to respondents; no attorney fees.