712 P.2d 730

**David E. DAVIS and Sandra J. Davis, husband and wife, Plaintiffs-Respondents,**

v.

**Edward J. GAGE and Betty Gage, husband and wife, Defendants-Appellants.**

No. 15805.

Court of Appeals of Idaho.

Dec. 27, 1985.

Everett D. Hofmeister, Coeur D'Alene, for defendants-appellants.

Thomas A. Mitchell, Coeur D'Alene, for plaintiffs-respondents.

BURNETT, Judge.

This appeal marks the parties' third appearance in our Court. Appellants Gage are the sellers, and respondents Davis are the buyers, of real property where a restaurant-tavern is located. In *Gage v. Davis*, 104 Idaho 48, 655 P.2d 942 (Ct.App. 1982), we examined a title dispute over a strip of land between the subject property and adjacent property retained by the sellers. In *Davis v. Gage*, 106 Idaho 735, 682 P.2d 1282 (Ct.App.1984) (herein termed *Davis II*), we reviewed a judgment awarding compensatory and punitive damages for the sellers' breach of a noncompetition agreement, for intentional infliction of emotional distress, and for the wrongful severance of a sewer line. We disallowed any recovery for emotional distress and we remanded the case for a redetermination of damages on the other claims. The district court then conducted an additional hearing and entered a modified judgment. The sellers have appealed again, urging that the trial court failed to follow our instructions on remand. For reasons explained below, we affirm the modified judgment.

The facts relating to the breach of the noncompetition agreement and to the wrongful severance of the sewer line are recited by our opinion in *Davis II* and need not be repeated here. With respect to the noncompetition claim, the district court in *Davis II* found that a breach had occurred

and that the sellers' conduct warranted both compensatory and punitive damages. On appeal we upheld the propriety of compensatory and punitive awards, but we directed the district court to reconsider the amount of the punitive award. The grounds stated by the district judge could have been interpreted to include not only the deterrence of wrongful future conduct, a proper function of punitive damages, but also the recovery of additional compensatory damages. We instructed the court to focus upon deterrence. After the hearing on remand, the district judge re-entered judgment containing a punitive damage award of $10,000, the same amount awarded in *Davis II*. The judge explained that this sum was, and earlier had been, intended to deter wrongful future conduct, rather than to provide additional compensatory damages.

■ The sellers now contend that the district judge should have reduced the punitive damage award in light of the clarified purpose to be served by such an award. However, our Supreme Court has held when an entitlement to punitive damages is established, the determination of an appropriate amount is left to the trial court's sound discretion. *Cheney v. Palos Verdes Investment Corp.*, 104 Idaho 897, 665 P.2d 661 (1983). Our review of the record discloses no reason to disbelieve the district court's explanation of the award on remand. Neither do we find the amount to be excessive in relation to the sellers' conduct. As noted in our *Davis II* opinion, the sellers opened a competing business and tore down a billboard advertising the buyers' restaurant-tavern. Although the sellers later testified that they acted on the advice of counsel (an attorney other than the lawyer representing them in this litigation), no attorney was called to testify. Moreover, the breach of the noncompetition agreement was not merely a technical infraction. It was a blatant violation, well within a lay person's understanding. We conclude that no abuse of discretion has been shown in fixing the amount of punitive damages.

■ The sellers also challenge the award of compensatory damages for severance of

the sewer line. In *Davis II,* the amount awarded was $2,359.37. Upon remand, the amount was reduced to $625. The sellers contend that no damages should have been awarded because the buyers ultimately installed a new sewage disposal system when they remodeled the restaurant-tavern. However, our review of the record discloses that the district court took the remodeling project into account. The court found that damage in the reduced amount resulted from the severance, despite the remodeling. Again, the underlying facts need not be recited here. It suffices to say that the judge's finding is supported by substantial, though arguably conflicting, evidence. Consequently, it is not "clearly erroneous" under I.R.C.P. 52(a) and it will not be disturbed on appeal. *E.g. Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983).

The buyers have requested an award of attorney fees on appeal. Basing their request upon I.C. § 12–121, they argue that the appeal has been frivolous, unreasonable or lacking in foundation, within the meaning of *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). We have supplemented *Minich* by holding that attorney fees are awardable if an appeal does no more than "simply invite the appellate court to second-guess the trial court on conflicting evidence," *T-Craft Aero Club, Inc. v. Blough,* 102 Idaho 833, 837, 642 P.2d 70, 74 (Ct.App. 1982), or if the law is well-settled and the appellants have made "no substantial showing that the district court misapplied the law." *Christensen v. Idaho Land Developers, Inc.,* 104 Idaho 458, 461, 660 P.2d 70, 73 (Ct.App.1983). Each of these criteria is satisfied by the present appeal. Accordingly, we hold that the respondents are entitled to an award of reasonable attorney fees on appeal, as determined in accordance with I.A.R. 41.

The judgment of the district court is affirmed. Costs and attorney fees to respondents.

WALTERS, C.J., and SWANSTROM, J., concur.