747 P.2d 69

**Douglas M. JOHNSON and Marlene Johnson, husband and wife, Plaintiffs-respondents,**

v.

**James EDWARDS, Defendant,**

and

**Mary Ann Marker, Personal Representative of the Estate of Paul Ostgren, deceased, Defendant-appellant.**

**No. 16621.**

Supreme Court of Idaho.

Dec. 9, 1987.

Rapaich, Knutson & Stellmon, Lewiston, for defendant-appellant. Scott M. Chapman argued.

Aherin, Rice & Brown, Lewiston, for plaintiffs-respondents. Darrel W. Aherin argued.

BAKES, Justice.

This is an appeal by the personal representative of the estate of Paul Ostgren from a district court denial of a Motion to Void a Settlement Agreement. This action began as a claim by the Johnsons for personal injuries arising out of an automobile accident. Mr. Ostgren was a named defendant. On August 13, 1984, the date set for hearing pretrial motions, the parties reached a settlement. The terms of the settlement were announced in open court with the parties present and represented by counsel. The settlement agreement was rather complex and required the preparation and execution of several documents.

When the consummation of the documentation was not forthcoming, the respondents, on September 19, 1984, filed a motion "to effectuate agreement." On Octo-

ber 15, 1984, Mr. Ostgren, through a new attorney, filed a motion to stay proceedings and a motion to void the settlement upon the grounds that, among other things, Mr. Ostgren was legally incompetent to enter into a settlement.

After filing of the motion to void the settlement, Mr. Ostgren died. A personal representative was appointed, and a hearing was then held, evidence received, and briefing submitted concerning the settlement agreement and the competency of Mr. Ostgren. The district court denied the motion to set aside the settlement agreement and granted the respondents' motion to effectuate the agreement. The court issued a memorandum opinion which stated that the testimony revealed: (1) that when Mr. Ostgren's attorneys advised the court of the terms of the settlement Mr. Ostgren was present; (2) that although when the settlement agreement was reached Mr. Ostgren was hard of hearing the court and counsel had recognized this problem and, as a consequence, during the settlement recitation to the court Mr. Ostgren sat in the witness chair and his counsel stood next to him; and (3) that the court requested that the attorneys review the terms of the settlement agreement with Mr. Ostgren on the record and have him signify whether or not he understood each item of the settlement and if he agreed to it. When the review was completed, Mr. Ostgren's attorney stated:

"MR. BOOMER: Now, Mr. Ostgren, I know that it's never fun to agree to pay a lot of money. But, under the circumstances, based upon your understanding of the case, is this your agreement?

"MR. OSTGREN: Yes.

"THE COURT: Well, fine. I'm satisfied that Mr. Ostgren knows the nature of the agreement and he's consented to it. So, I have no need to inquire further of him."

After the filing of the motion to void the settlement, and after an evidentiary hearing, the district court ruled that the motion to void the settlement agreement was "in essence" an attempt to set aside a stipulated judgment, pursuant to I.R.C.P. 60(b).

The court noted that counsel for Mr. Ostgren had submitted depositions of various physicians and a psychologist to support his claim that Mr. Ostgren was incompetent at the time and place in question. The district court found that:

"Although the evidence submitted was extensive, it is of insufficient weight to demonstrate that Mr. Ostgren was incompetent at the time he agreed to the settlement."

The district court further stated that:

"Age combined with some mental or physical weakness does not equate with incompetence so long as the person is able to understand the nature of a contract and is left to the free exercise of his will."

Based on the evidence, the court found that Mr. Ostgren possessed sufficient mind to reasonably understand the nature, extent, character and effect of the settlement in question and that sufficient evidence was produced at the hearing to demonstrate this. Subsequently, the court then entered a judgment pursuant to the settlement agreement.

I

On appeal, the appellant has argued that the district court erred in denying Mr. Ostgren's motion to set aside the settlement agreement. The appellant's basic argument is that the district court had the ability under I.R.C.P. 60(b) to void the settlement agreement and that the district court's denial of the appellant's motion failed to give the rule a liberal construction to promote justice. The voidness argument is based on contract law principles and the contention that Mr. Ostgren lacked the requisite capacity to enter into a contract. The appellant argues on appeal that this Court should exercise "a free review" rather than applying a substantial and competent evidence test, because the settlement agreement is void, citing *Knight Insurance, Inc. v. Knight,* 109 Idaho 56, 704 P.2d 960 (Ct.App.1985). We disagree.

I.R.C.P. 60(b) is a motion designed to grant relief from a "final judgment" and, in this case, at the time this

dispute arose there was as yet no final judgment. In effect, the appellants were asking the court to amend its findings of fact, which is permitted by I.R.C.P. 52(b). In a motion to amend findings of fact, the decision of the trial court denying the motion will not be disturbed on appeal where the court's findings are supported by competent and substantial evidence. I.R.C.P. 52(a) ("Findings of fact shall not be set aside unless clearly erroneous."); *McGregor v. Phillips*, 96 Idaho 779, 537 P.2d 59 (1975). Our review of the record has indicated that there was substantial competent evidence to support the district court's finding that Mr. Ostgren possessed sufficient mind to reasonably understand the nature, extent, character and effect of the settlement in question and that sufficient evidence was produced at the hearing to demonstrate this. Thus, we find no merit in appellant's contention.

## II

On appeal the respondents request an award of attorney fees under I.C. § 12–121. Attorney fees are awardable if an appeal does no more than simply invite an appellate court to second-guess the trial court on conflicting evidence, or if the law is well settled and appellant has made no substantial showing that the district court misapplied the law. *See Booth v. Weiser Irr. Dist.*, 112 Idaho 684, 735 P.2d 995 (1987); *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979); *Davis v. Gage*, 109 Idaho 1029, 712 P.2d 730 (Ct.App.1985). These requirements have been satisfied by the present appeal, and we hold that the respondents are entitled to an award of reasonable attorney fees.

Affirmed. Costs and attorney fees to respondents.

SHEPARD, C.J., BISTLINE and HUNTLEY, JJ., and TOWLES, J. Pro Tem., concur.