794 P.2d 1389

**SUN VALLEY SHAMROCK RESOURCES, INC., an Idaho corporation, and Nancy Gunderson, Plaintiffs–Appellants,**

v.

**TRAVELERS LEASING CORPORATION, a corporation, Defendant–Respondent.**

No. 17662.

Supreme Court of Idaho.

July 5, 1990.

Roger E. Crist, Ketchum, for plaintiffs-appellants.

R. Keith Roark, Hailey, for defendant-respondent.

BOYLE, Justice.

In this property boundary dispute in which damages are sought, we are called upon to determine whether the record supports the trial court's finding and location of the boundaries of a parcel of real property upon which a building was located. The appeal before us requires our review of the district court's determination that defendant Travelers Leasing Corporation was not liable to the plaintiffs for removal of the building which the parties alleged was situated on their respective property. We affirm.

## I.

*Factual Background and Proceedings*

The dispute in this case centers around the location of a parcel of real estate known as the "Bowman parcel" and whether a two-unit dwelling (hereafter "duplex") was located on this particular parcel. At issue is the interpretation of what plaintiffs-appellants, Sun Valley Shamrock Resources and Nancy Gunderson (hereafter "Shamrock") assert is an ambiguous legal description in the deed.

The Bowman parcel was created in 1960 out of a larger parcel owned by a common grantor, R.B. Randall. Between 1960 and 1983, the Bowman parcel was transferred eight different times, including the transfer to plaintiff Shamrock in 1983. Until 1986, various surveys and appraisals placed the duplex on the Bowman parcel.[1] The legal description consistently used in the conveyances, including the sheriff's deed, is the following:

> A portion of the SW¼SE¼, Section 27, described as follows: BEGINNING at the Southeast corner of said Section 27; THENCE North 1322 feet; THENCE N. 89 47'W., 1391 feet; THENCE S. 50 14'W., 758.5 feet *along the Northerly boundary line of Clarendon Hot Springs Road;* THENCE N. 39 46'W., 100 feet to the real point of beginning; THENCE N. 39 46'W., 56 feet; THENCE N. 50 14'E., 100 feet; THENCE S. 39 46'E., 56 feet; THENCE S. 50 14'W., 100 feet to the real point of beginning. (Emphasis added.)

In 1985, the defendant-respondent, Travelers Leasing Corporation (hereafter "Trav-

---

1. The record demonstrates that the surveyor hired by Travelers in 1986 surveyed the property as early as 1972 and discovered that the duplex was not located on the Bowman parcel. The trial court record reveals that the surveyor advised Shamrock's predecessor in interest of this information.

elers") purchased the land surrounding the Bowman parcel at a sheriff's sale. The sheriff's deed from which Travelers claim title to the adjacent property excepted five smaller parcels which were not part of the underlying foreclosure action. One of these excepted parcels was thought to be the Bowman parcel. In 1986, Travelers hired a surveyor to locate and stake the excepted parcels. The surveyor followed the distance of 1391 feet in the second call of the description contained in the deed and rejected the other language because he could not locate the "northerly boundary line of the Clarendon Hot Springs Road" with what he felt was an appropriate degree of certainty. As a result, the surveyor determined that the duplex was located on Travelers' property and not on one of the excepted parcels. Relying upon this survey, Travelers bulldozed the duplex and burned the remnants of the building.

In September 1986, this action was filed by Shamrock against Travelers seeking damages for the wrongful destruction of the duplex which was allegedly situated on the Bowman parcel and owned by Shamrock. Shamrock neither pled nor attempted to prove adverse possession or boundary by acquiescence. Instead, Shamrock claimed that the language "758.5 feet along the northerly boundary line of the Clarendon Hot Springs Road," is a reference to a landmark and is therefore a call to a "monument." Shamrock asserts that the call to a monument conflicts with the distance call of "1391 feet", and that the call to the monument should control over the conflicting course of distance call. Shamrock claims that use of the monument call is the proper interpretation of the language contained in the description and places the destroyed duplex on its property.

Travelers argues that the reference to "758.5 feet along the northerly boundary line of the Clarendon Hot Springs Road" is not a call to a monument and that there is no conflict between this call and the "1391 feet" course of distance description. Travelers contends that these calls can be read together and when done so, clearly situate the duplex on Travelers' property and not on the Bowman parcel. Accordingly, Trav-

elers asserts it is not liable for destruction or removal of the duplex.

The trial court ruled in favor of Travelers concluding that the language contained in the deed description did not refer to a monument and held the language referring to the northerly boundary line of the Clarendon Hot Springs Road lacked the requisite visibility necessary for the designation as a call to a monument. Based on the facts and evidence presented, the trial court concluded that there was no conflict between the call to course and distance and the call to a monument. The trial court held that the property on which the duplex was located belonged to Travelers pursuant to the sheriff's deed and Travelers was not liable to Shamrock for its removal. This appeal followed.

## II.

### Scope of Judicial Review

In an appellate review of a trial court decision we must always keep in mind the respective roles assigned to the courts. At the trial level the trier of fact, in this case the district court judge, is the arbiter of conflicting evidence. *Rankin v. Rankin*, 107 Idaho 621, 691 P.2d 1236 (1984). It is the province of the trier of fact to weigh conflicting evidence and testimony and to judge the credibility of witnesses. I.R.C.P. 52(a); *Pointner v. Johnson*, 107 Idaho 1014, 695 P.2d 399 (1985); *Glenn v. Gotzinger*, 106 Idaho 109, 675 P.2d 824 (1984); *Jensen v. Westberg*, 115 Idaho 1021, 772 P.2d 228 (Ct.App.1988). In view of this role, the trial court's findings of fact will be liberally construed in favor of the judgment entered. *Rueth v. State*, 103 Idaho 74, 644 P.2d 1333 (1982); *Jensen v. Bledsoe*, 100 Idaho 84, 593 P.2d 988 (1979). Trial court's findings and conclusions which are based on substantial although conflicting evidence will not be disturbed on appeal. The credibility and weight to be given evidence is in the province of the trier of fact, and the findings made by the trial judge will not be set aside unless clearly erroneous. *Pointner v. Johnson*, 107 Idaho 1014, 695 P.2d 399

(1985); *MacNeil v. Minidoka Memorial Hosp.*, 108 Idaho 588, 701 P.2d 208 (1985). It is with these guiding principles in mind that we undertake our review of the instant appeal.

## III.

### Construction Of Deeds

■ In construing a deed, physical features existing upon the ground and referred to in the description must be considered. *Campbell v. Weisbrod*, 73 Idaho 82, 245 P.2d 1052 (1952). Monuments, natural or artificial, or lines marked on ground, control over calls for courses and distances. *Id.* at 89, 245 P.2d at 1057. *Farrell v. Brown*, 111 Idaho 1027, 729 P.2d 1090 (Ct.App.1986).

■ A fixed monument or marker is controlling over a conflicting call to course and distance, if it is of a permanent nature, *Scott v. Hansen*, 18 Utah 2d 303, 422 P.2d 525 (1966) and established with "reasonable certainty." *W.T. Carter & Bros. v. Collins*, 192 S.W. 316, 321 (Tex.1916); *Barker v. Houssiere–Latreille Oil Co.*, 160 La. 52, 106 So. 672 (1925). Thus the determination of what is a "monument" is generally made on a case-by-case basis. *Achter v. Maw*, 27 Utah 2d 149, 493 P.2d 989 (1972) (monument must be a "tangible landmark," have physical properties such as "stability, permanence, and definiteness of location); *Scott v. Hansen*, 18 Utah 2d 303, 422 P.2d 525 (1966) (monument must be "definitely identified and located"); *Lester v. Schutt*, 128 Fla. 302, 174 So. 583 (1937) (requirements for establishing a monument were "permanence, identity and visibility"); *Russo v. Corideo*, 102 Conn. 663, 129 A. 849 (1925) (a monument must be "known and fixed").

■ In the present case, Shamrock offered into evidence aerial photographs of the area in the years 1957, 1964 and 1969. These photographs demonstrated that the location of the Clarendon Hot Springs Road has remained fixed over this period of time. However, in spite of the road's apparent fixed location, Shamrock's expert witnesses, all professional engineers and/or land surveyors, located the northerly boundary line of the Clarendon Hot Springs Road and the Bowman parcel in varying locations depending on the description or method utilized. One surveyor called by Shamrock interpreted the deed in the manner argued by Shamrock. However, this particular witness, Gordon Williams, acknowledged that he never actually surveyed the property and testified that his placement of the Bowman parcel and the placement of that parcel by Dennis Zimmerman, the defendant's surveyor, was determined by the manner in which each interpreted the language contained in the third call referring to "along the northerly boundary of the Clarendon Hot Springs Road." Williams admitted in this regard that there was no language contained in the deed description which directs that the course of the second call is to be followed to the point of intersection with the northerly boundary line of the Clarendon Hot Springs Road. Except for his particular use of and reliance on the language referencing the Clarendon Hot Springs Road, Williams testified that his location of the Bowman parcel would have been the same as that found by Zimmerman.

Zimmerman testified that in his opinion, reference to "along the northerly boundary line of the Clarendon Hot Springs Road" was too indefinite to be used in locating the boundaries in question. Zimmerman also testified that a monument takes precedence over a conflicting distance or course only when the call in question is *to or from* a monument. Under cross-examination, one of Shamrock's expert witnesses testified that the word "along" was generally understood by surveyors to mean "parallel to" when determining boundaries.

Zimmerman also testified that he conducted a survey on this property in 1972 and while doing so disregarded the call "along the northerly boundary of the Clarendon Hot Springs Road" because he was unable to determine the northerly boundary of the road and because it did not call *to* the boundary. At that time Zimmerman also researched an adjacent piece of property known as the Abegglen parcel, which was senior to the Bowman parcel. The

legal description for the Abegglen parcel was the same as the Bowman parcel except it did not contain a call referring to the Clarendon Hot Springs Road. Zimmerman concluded that the call to course and distance was more definite and concluded that the phrase "along the northerly boundary of the Clarendon Hot Springs Road" did not have significance. As a result, Zimmerman testified that he utilized the third call, "south 50 degrees 14 minutes, west 758.5 feet" in determining the boundaries of the property.

Although the location of the Clarendon Hot Springs Road has remained fixed over many years, the difficulty experienced by the several engineers and surveyors in locating the northerly boundary line of the road supports the trial court's finding and conclusion that this line lacks the degree of definiteness and visibility necessary for designation as a call to a monument.

When construing a deed description, effect must be given, if possible, to all of the language contained in the description. *Quality Plastics, Inc. v. Moore*, 131 Ariz. 238, 640 P.2d 169 (1982). It is our holding, based upon the record before us, that the trial court did not err in concluding that the phrase "along northerly boundary line of the Clarendon Hot Springs Road" is not sufficiently definite to constitute a call to a monument. We hold that the trial court's findings are supported by substantial and competent evidence in the record.

### IV.

#### *Attorney Fees on Appeal*

■ Travelers requests an award of attorney fees on appeal pursuant to I.A.R. 41(a) and I.C. § 12–121. Attorney fees are awardable if an appeal does no more than simply invite an appellate court to second-guess the trial court on conflicting evidence. *Johnson v. Edwards*, 113 Idaho 660, 747 P.2d 69 (1987); *Booth v. Weiser Irr. Dist.*, 112 Idaho 684, 735 P.2d 995 (1987); *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979); *Davis v. Gage*, 109 Idaho 1029, 712 P.2d 730 (Ct.App.1985). This requirement has been satisfied by the present appeal, and we hold that the respondent is entitled to an award of reasonable attorney fees.

Affirmed. Costs and attorney fees to respondent.

BAKES, C.J., and JOHNSON and McDEVITT, JJ. concur.

BISTLINE, Justice, dissenting.

Continuing to adhere to the views of Donaldson, J., and Bistline, J., in *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 919, 591 P.2d 1078, 1086 (1979), that this Court has neither inherent nor statutory authority to award attorneys' fees on appeal except where provided by contract or statute, I dissent from that portion of the majority opinion which awards such fees.